IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:02-CR-072 |
| | ) | |
| ROY ROBINSON | ) | |

**O R D E R**

*Pro se*, the defendant has submitted an August 2014 letter motion to the court, arguing that his 2011 revocation judgment was based on an incorrect grade of violation. The letter could be read as a motion to vacate under 28 U.S.C. § 2255. However, no matter how the letter motion is construed, it is untimely and must be denied.

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255[.]" *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Section 2106, pertaining to intervening reversals by the Supreme Court or another appellate court, is inapplicable here.

Were the court to construe the defendant's letter as a § 2255 motion, the defendant would be immediately confronted by 28 U.S.C. § 2255(f), which provides in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final[.]

By the terms of that statute, the one-year limitations period begins to run when the conviction becomes final. *Id.* The defendant did not file a direct appeal of his revocation sentence and, thus, his conviction became final 14 days after entry of the judgment order, upon the lapse of the time for filing a notice of appeal to the Sixth Circuit. *See* Fed. R. App. P 4(b). Because his conviction became final in March 2011, the defendant would have had one year from that time to file a § 2255 motion. The present motion was not filed until August 2014 and, if construed as a § 2255 motion, would clearly be time-barred.

Typically, the Court would not consider recharacterizing the defendant's letter as a § 2255 motion because of potentially adverse consequences attached to filing of another § 2255 motion. One of those consequences is that any that subsequent motion would be subject to the restrictions on "second or successive" motions in 28 U.S.C. § 2255(h). *See Castro v. United States*, 540 U.S. 375, 382 (2003) (before a *pro se* litigant's motion may be recharacterized as a first § 2255 motion, the district court must give certain warnings); *accord In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

Warnings about those consequences, however, would not be necessary in this case because the present motion, though would be defendant's first motion to vacate, is time-barred and none of those disadvantages would attach to the treatment of the letter as a § 2255 motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004);

2

*United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002) (Where a motion to vacate is time-barred, providing notice is "an exercise in futility."); *Brock v. United States*, 2010 WL 348296, *1, n.1(S.D.Ohio, Jan. 26, 2010) ("However, the concerns of *In re Shelton*, *i.e.*, that the 'recharacterized petition may be his first and only chance to seek relief under § 2255,' are not applicable here, since petitioner's § 2255 is time-barred.") (internal citation omitted).

Next, Rule 35 is also inapplicable to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed. Further, there was no "arithmetical, technical, or other clear error" in this case.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, not to cure "unexpressed sentencing expectations." *Robinson*, 368 F.3d at 656-57. The defendant has alleged no clerical error in this case.

3

In sum, the defendant's letter motion is untimely no matter how it is construed. The motion [doc. 454] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge